**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Jeannette Dumont,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-22-08192-PCT-JAT<br><br>**ORDER** |

On August 6, 2024, a Report and Recommendation ("R&R") was issued in this case. In the R&R, the Magistrate Judge recommends that this Court deny relief on Petitioner's Petition for Writ of Habeas Corpus.

On August 29, 2024, this Court extended Petitioner's time to file objections to the R&R to October 3, 2024. The August 29, 2024 Order was returned as undeliverable because Petitioner, who is no longer in custody, has not kept her address current with this Court as required by the Order of January 6, 2023. (Doc. 5 at 2).

Petitioner failed to file objections to the R&R by the October 3, 2024 deadline. As the Court warned in the January 6, 2023 Order, failure to have a current address may result in dismissal of the case.

More specifically, "… the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-*

*Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

There being no objections, the Court will adopt the R&R and deny relief in this case. Accordingly,

**IT IS ORDERED** that the R&R (Doc. 49) is accepted.

**IT IS FURTHER ORDERED** that the Petition in this case is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 11th day of October, 2024.

_____
James A. Teilborg
Senior United States District Judge

---

[1] The Court notes that the Notes of the Advisory Committee on Rules suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b). Notes of Advisory Committee on Rules—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows *Thomas*, 474 U.S. at 140 (1985). *Accord Reyna-Tapia*, 328 F.3d at 1121.