**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Jeannette Dumont, | No. CV-22-08192-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Gina Jeannette Dumont's Motion for Leave to File Reply to R&R (Doc. 56), Motion for Order of Default Judgment and Dismissal (Doc. 57), and Motion to Add Exhibit 3(d) to [the] Reply (Doc. 58). The Court now rules.

## I.    BACKGROUND

On August 6, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner's petition for writ of habeas corpus. (Doc. 49). Objections to the R&R were due by August 20, 2024. On August 20, 2024, Petitioner "request[ed] a lengthy extension of time to object." (Doc. 51 at 1). On August 29, 2024, the Court extended Petitioner's time to file objections to the R&R to October 3, 2024. (Doc. 52 at 2). The August 29, 2024 Order was returned as undeliverable. The Court acknowledged that Petitioner did not receive the Order extending the deadline to submit her R&R objections, but noted it was Petitioner's responsibility to keep her address current with the Court. (Doc. 53, 54). Because Petitioner did not file any objections, the Court adopted the R&R and denied and dismissed the petition for writ of habeas corpus on

October 15, 2024. (Doc. 54).

Nearly a year later, Petitioner filed the pending motions. The Court addresses each in turn.

**II.    DISCUSSION**

**A.  Petitioner's Motion for Order of Default Judgment and Dismissal (Doc. 57)**

Petitioner's Motion for Order of Default Judgment and Dismissal asserts that Respondents defaulted by "not responding to the correct address to Petitioner[s'] motions for extension of time and request for [a] court appointed attorney." (Doc. 57 at 1). Petitioner argues that her "court paperwork was mailed to an unfit address . . . which caused a predicament in continuing [her] reply," and that the Court's "procedural ruling" accepting the R&R is in default. (Doc. 57 at 2–3). She asks that the Court "excuse the delay" and "request[s] a dismissal." (Doc. 57 at 3).

Petitioner effectively asks the Court to dismiss its Order adopting the Magistrate Judge's R&R. Although Petitioner fails to cite to any rules or caselaw, her motion could be liberally construed as a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved."); *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir. 1984) (finding that pro se litigants are held to lower standard of brief-writing than attorneys and addressing the arguments presented in plaintiff's "woefully inadequate" one-page brief because the brief set forth "a discernible, albeit unsupported, argument").

i.   Rule 59(e)

Under Rule 59(e), a party may move the court to alter or amend its judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court issued its Order adopting the R&R on October 15, 2024, and mailed Petitioner a copy (along with the final judgment) that same day. (Doc. 54, 55). Any request for this Court to alter or amend its final judgment was due by November 12, 2024. To the extent Petitioners' Motion

- 2 -

for Order of Default Judgment and Dismissal, (Doc. 57), functions as a request to alter or amend the Court's judgment under Rule 59(e), it is untimely by more than ten months. And Petitioners' pro se status does not excuse her untimely filing. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Accordingly, Petitioner's filing, construed as a Rule 59(e) motion, is denied.

### ii.  Rule 60(b)

Under Rule 60(b), a party may seek relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time," and Rule 60(b) motions premised on "reasons (1), (2), and (3)" must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c)(1).

Although Petitioner acknowledges that her motions were "delay[ed]," (Doc. 57 at 3), she does not cite Rule 60(b) or explain the grounds under which she is seeking relief from judgment. She alleges that: (1) her "court paperwork was mailed to an unfit address from [the] D.O.C., which caused a predicament in continuing [her] reply," and (2) she "had a major foot botched surgery and [was taking] many medications up until this present time." (Doc. 57 at 2–3). These arguments, liberally construed, implicate Rule 60(b)(1) and (b)(6). Fed. R. Civ. P. 60(b)(1), (6). Nothing in Petitioner's motion can be interpreted as

1    involving any of the remaining grounds for relief under Rule 60(b). *Id.* 60(b)(2)–(5).
2    Accordingly, the Court limits its analysis to Rule 60(b)(1) and (b)(6), and addresses each
3    of these potential grounds for relief in turn.

4                    1.    Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable
5                          Neglect

6          Because Petitioner failed to file her objections to the R&R by the October 3, 2024
7    deadline, the Court adopted the R&R and entered judgment against her. *United States v.*
8    *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the
9    magistrate judge's findings and recommendations de novo *if objection is made*, but not
10   otherwise.") (emphasis in original).

11         Rule 60(b)(1) allows a court to vacate a final judgment that is based on "mistake,
12   inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining
13   whether a petitioner is entitled to relief under Rule 60(b)(1) based upon excusable neglect,
14   courts consider the *Pioneer* factors: "(1) the danger of prejudice to the opposing party; (2)
15   the length of delay and its potential impact on the proceedings; (3) the reason for the delay;
16   and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d
17   1220, 1223–24 (9th Cir. 2000); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S.
18   380, 394 (1993) (discussing "excusable neglect" and outlining four-factor test under the
19   bankruptcy rules); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)
20   (holding that "the equitable test set out in *Pioneer* applies to Rule 60(b)"); *Lemoge v.*
21   *United States*, 587 F.3d 1188, 1192–93 (9th Cir. 2009) ("[D]istrict courts should explicitly
22   use the *Pioneer–Briones* framework for analysis of excusable neglect under Rule
23   60(b)(1)."). The Supreme Court has emphasized that "inadvertence, ignorance of the rules,
24   or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*
25   *Inv. Servs. Co.*, 507 U.S. at 392. Requests for relief pursuant to Rule 60(b)(1) must be made
26   "within a reasonable time" not to exceed one year after the entry of judgment. Fed. R. Civ.
27   P. 60(c)(1).

28         Petitioner appears to offer two explanations for her delay in objecting to the Court's

final judgment: (1) the fact that the Court's August 29, 2024 Order was returned as undeliverable, and (2) Petitioner's "botched [foot] surgery."

As stated previously, Petitioner requested "a lengthy extension of time" to object to the R&R, (Doc. 51), and the Court granted Petitioner's request "to the limited extent that [her] objections to the R&R [were] due by October 3, 2024." (Doc. 52). On August 30, 2024, the Court mailed Petitioner a copy of that Order to 1049 Paradise Drive, Bullhead City, AZ 86442 (the "Paradise Drive" address), which was returned as undeliverable. (Doc. 53). However, the Paradise Drive address is the updated address that Petitioner provided the Court on July 17, 2024. (Doc. 48). Further, the last page of Petitioner's pending motion lists the Paradise Drive address, and the motion states that Petitioner continues to reside at that address, which is the "home Petitioner has owned since 2011." (Doc. 57 at 2–3). It appears to the Court that the August 29, 2024 Order granting Petitioner additional time to object to the R&R *was* addressed correctly but failed to be delivered for unknown reasons. Indeed, the Court's subsequent Order and final judgment were both delivered to the Paradise Drive address without issue in October 2024. (Doc. 54; Doc. 55). In any event, the record reflects that Petitioner did not receive the Court's August 29, 2024 Order extending the time to file her objections to October 3, 2024. Petitioner's failure to object to the R&R by the October 3, 2024 deadline was thus reasonable, because at that time Petitioner had requested a "lengthy extension" but did not know the Court had ruled on her motion.

However, the question the Court faces is whether the "undeliverable" August 29, 2024 Order excuses that fact that Petitioner waited over 11 months to object to the Court's subsequent Order and entry of final judgment. It does not. The Court acknowledges that Petitioner did not receive the Order extending the R&R objection deadline from August 20, 2024 to October 3, 2024. But she *did* receive the Court's subsequent Order, mailed on October 15, 2024, which both: (1) noted that the Court had in fact granted Petitioner's request to extend the objection deadline, and (2) stated that she failed to comply with that extended deadline. (Doc. 54). Thus, at some point in October 2024, Petitioner learned that

1  the Court had adopted the R&R without considering her to-be-filed objections. Petitioner

2  did not act on this information until September 2025.

3       Instead of seeking relief immediately or soon after she became aware of the

4  undeliverable Order and the Court's final judgment, Petitioner waited nearly a year to do

5  so. She provides no explanation for this lengthy delay, aside from noting that she "had a

6  major foot botched surgery and [was taking] many medications up until this present time."

7  (Doc. 57 at 3). In determining whether Petitioner's failure to seek Rule 60 relief sooner due

8  to her foot surgery constituted "excusable neglect," the Court considers the *Pioneer* factors.

9  *Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *Briones*, 116 F.3d at 381.

10                          a.   Prejudice to the Opposing Party

11       "Prejudice requires greater harm than simply that relief would delay resolution of

12  the case." *Lemoge*, 587 F.3d at 1196 (citation omitted). However, the Government would

13  not incur prejudice merely from delay in resolving this case on the merits—it would also

14  be forced to incur expense from the time and effort required to oppose Petitioner's multiple

15  objections. Because doing so would prejudice the Government, this factor weighs against

16  Rule 60(b) relief.  *See Rashidian v. Internal Revenue Serv.*, SACV1416JLSDFMX, 2015

17  WL 13343584, at *3 (C.D. Cal. Feb. 26, 2015) (finding the opposing party would be

18  prejudiced by granting Rule 60(b)(1) relief because "of the effort and expense [the party]

19  would expend if forced to re-litigate the case on the merits").

20                          b.   Length of the Delay and Its Impact on the Proceedings

21       The Federal Rules require that a 60(b) motion be made within a reasonable time—

22  however, motions based on mistake or excusable neglect must be filed no later than one

23  year after the date of the judgment or order. Fed. R. Civ. P. 60(c)(1). "What constitutes

24  'reasonable time' depends upon the facts of each case, taking into consideration the interest

25  in finality, the reason for delay, the practical ability of the litigant to learn earlier of the

26  grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053,

27  1055 (9th Cir. 1981).

28       Despite learning her case had been dismissed in October 2024, Petitioner waited

over 11 months to move to "dismiss" the Court's Order and final judgment. She had ample time to contest the judgment and request leave to file her objections to the R&R but failed to do so. The Court's interest in finality weighs against finding that Petitioner's motion was brought within a "reasonable time." *McPhatter v. Ryan*, CV-11-8147-PCT-RCB, 2013 WL 428280, at *4 (D. Ariz. Feb. 4, 2013) (finding the Court's interest in finality weighed against granting Rule 60(b)(1) relief when plaintiff "waited more than four months . . . after entry of the judgment, and more than three months after the time to appeal had expired, to file the pending motion to vacate").

### c.   Reason for the Delay

As discussed, the undeliverable August 29, 2024 Order does not serve as a sufficient explanation for Petitioner's delay in moving to vacate the Order and final judgment, considering she was, in fact, notified that her case had been dismissed in October 2024. Petitioner cites one reason for her delay—the fact she underwent major foot surgery, which was allegedly "botched" and required her to take "many medications up until this present time." (Doc. 57 at 3). This explanation is entirely devoid of detail and leaves the Court unable to assess its legitimacy. Even if the Court assumed that Petitioner was hospitalized from her foot surgery when the Court's Order and final judgment were delivered to her home, Petitioner fails to argue that her foot injury rendered her completely incapable of writing and mailing the pending motion for the past 11 months. Because the Court is unpersuaded by the provided reason for her delay, this factor weighs against granting Rule 60(b)(1) relief.

### d.   Whether Petitioner Acted in Good Faith

On this record, there does not appear to be any evidence that Petitioner delayed in bad faith. However, Petitioner's largely unexplained reason for her lengthy delay bars the Court from concluding she acted in good faith. Accordingly, this factor is neutral.

On balance, the Court finds that Petitioner's delay in seeking relief from judgment does not constitute "excusable neglect" within the meaning of Rule 60(b)(1). Accordingly, to the extent Petitioner's motion functions as a Rule 60(b)(1) motion, it is denied.

2.   Rule 60(b)(6): Any Other Reason that Justifies Relief

While Rule 60(b)'s "excusable neglect" clause is interpreted as encompassing errors made due to the petitioner's "mere neglect," "[Rule 60](b)(6) is intended to encompass errors or actions beyond the petitioner's control." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 n.11 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002). "The clauses are mutually exclusive," *id.*, and "[t]he Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60," *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). A party is entitled to relief from judgment under Rule 60(b)(6) if "[s]he demonstrates 'extraordinary circumstances which prevented or rendered h[er] unable to prosecute [her case].'" *Cmty. Dental Servs.*, 282 F.3d at 1168 (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971)); *see also Pioneer Inv. Services Co.*, 507 U.S. at 393 ("To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay."). "The party must demonstrate both injury and circumstances beyond h[er] control that prevented h[er] from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs.*, 282 F.3d at 1168. Judgments are rarely set aside pursuant to Rule 60(b)(6) because the rule is "used sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and citation omitted).

As stated, Petitioner was aware of the Court's Order and final judgement dismissing the case at some point in October 2024, but did not act for nearly a year. Petitioner suggests that a foot surgery precluded her from participating in her case and seeking the relief she now requests, but the Court is unpersuaded. Foot surgery does not constitute an "extraordinary circumstance" beyond Petitioner's control, especially given the lack of information provided regarding the surgery such as: the date of the procedure, whether Petitioner was hospitalized, and if so, for how long. She has failed to make the requisite showing to justify Rule 60(b)(6) relief. To the extent Petitioner's motion functions as a Rule 60(b)(6) motion, it is denied.

**B. Petitioner's Motion for Leave to File Reply to R&R (Doc. 56)**

Petitioner's contemporaneously filed motion—titled "Motion - Reply to R&R"—asserts multiple ineffective assistance of counsel arguments and asks for her convictions and sentence to be overturned, or, in the alternative, a new trial. (Doc. 56). Although her motion is mislabeled, the Court liberally construes the motion as Petitioner's objections to the R&R. However, the Court can only consider her objections on the merits if she is entitled to relief under Rules 60(b) or 59(e). As explained above, the Court finds Petitioner failed to demonstrate her entitlement to relief. Accordingly, her request for review of her R&R objections will be denied.

**C. Petitioner's Motion to Add Exhibit 3(d) to Reply (Doc. 58)**

Finally, Petitioner requests that the Court add Exhibit 3(d) to her "reply" to the R&R. (Doc. 56). Exhibit 3(d) is a letter from the Social Security Administration detailing information about Petitioner's supplemental security income payments. (Doc. 58-1). Because the Court declines to consider Petitioner's "reply" motion (i.e., her objections to the R&R) on the merits, her request to add an exhibit to that motion is moot.

**III.    CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing § 2254 cases provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To be entitled to a COA on a habeas petition that is denied on procedural grounds, the petition must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Petitioner failed to make either showing, a certificate of appealability will be denied on this procedural issue.

**IV.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion for Order of Default Judgment and

Dismissal (Doc. 57) is **denied**.

  **IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Reply to R&R (Doc. 56) is **denied**.

  **IT IS FURTHER ORDERED** that Petitioner's Motion to Add Exhibit 3(d) to [the] Reply (Doc. 58) is **denied as moot**.

  **IT IS FINALLY ORDERED** that a certificate of appealability is **denied**.

  ated this 28th day of October, 2025.

James A. Teilborg
Senior United States District Judge